United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER MOREHOUSE, et al.,

Plaintiffs,

v.

APPLE, INC.,

Defendant.

Case No. 25-cv-02988-NW

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 44

On February 16, 2026, Defendant Apple, Inc. ("Apple") filed a motion to dismiss Plaintiffs' second amended class action complaint ("SAC"). Mot., ECF No. 44[1]; SAC, ECF No. 41. The motion is fully briefed. ECF Nos. 47, 48. Having considered the parties' briefs and the relevant legal authority, the Court concluded that oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b). The Court GRANTS Defendant's motion to dismiss without leave to amend.

## I. BACKGROUND

The Court recites only facts relevant to this motion and assumes familiarity with the background of this case as addressed in the Court's December 4, 2025 Order.[2] *See* ECF No. 37.

Plaintiffs purchased Apple e-books and audiobooks from the Apple Books application. Plaintiffs allege that Apple deceives consumers because "consumers are led to believe they are purchasing" e-books and audiobooks, "just like a physical book, but in reality the consumer is only purchasing only a revokable license to access that book." SAC ¶ 4. Plaintiffs contend that

[1] Because the Court does not rely upon the documents for which Defendant requests judicial notice, Defendant's request for judicial notice is denied as moot. *See* ECF No. 44-2.

[2] Unless otherwise noted, the background information comes directly from Plaintiff's SAC, ECF No. 41.

"access [to these e-books and audiobooks] can be revoked at any time." *Id.* ¶ 5. Plaintiffs bring claims on behalf of a putative nationwide class and California subclass, of consumers who "purchased an e-book or audiobook from Apple online within the Class Period." *Id.* ¶ 101.

## II. LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

In the December 4, 2025 Order, the Court found that Plaintiffs failed to allege that they had been injured and therefore had not adequately alleged Article III standing or standing under California's Consumers Legal Remedies Act and California's Unfair Competition Law. ECF No. 37; *see Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (complaints should be dismissed under 12(b)(1) when plaintiffs have not established standing). Specifically, the Court explained that Plaintiffs did not contest that their e-books and audiobooks remained available to them consistently, and Plaintiffs acknowledged that they could still download their e-books and audiobooks subject to restrictions. The Court noted that "[t]o date, Plaintiffs have received from Apple what they paid for – e-books and audiobooks that can be read at any time." ECF No. 37 at 3.

Plaintiffs have failed to cure the deficiencies the Court identified in the December 4, 2025 Order. In the SAC, Plaintiffs do not allege that they have ever lost access to their e-books or audiobooks. SAC ¶¶ 62-80 (Plaintiff Morehouse); ¶¶ 81-99 (Plaintiff Smith). Plaintiffs do not allege that they cannot download their e-books or audiobooks, subject to restrictions. Plaintiffs have simply not alleged an injury, nor shown that the Court can provide them redress. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs have still "not articulated any likelihood that they will lose access to their purchases imminently nor eventually." ECF No. 37 at 3.

Plaintiffs argue in opposition that they bolstered their price premium theory of injury in their SAC. ECF No. 47 at 4. In the December 4, 2025 Order, the Court found that Plaintiffs had not alleged any facts supporting this theory, and if Plaintiffs elected to "proceed with their price premium theory of injury, Plaintiffs must allege sufficient facts in their complaint to show that the products they purchased were offered for higher prices than other comparable products, as well as that Plaintiffs purchased the products based on the alleged misrepresentations." ECF No. 37 at 3. Plaintiffs have not met the standard the Court outlined. Plaintiffs compare the prices they paid in March 2025 to the prices offered by a single retailer (Amazon) nine months later in January 2026. This comparison is too attenuated; Plaintiffs do not provide any indication of the prices of comparable products at the actual time of their purchase. *See* SAC ¶¶ 69, 88. And, Plaintiffs only provide a single product comparison to a single other retailer. Plaintiffs do not allege that they themselves compared prices when making their purchase. "While paying a price premium can be a cognizable Article III injury, Plaintiff[s] 'may [not] rely on a bare legal conclusion to assert injury-in-fact.'" *Desrys v. Traditional Medicinals, Inc.*, No. 25-CV-07898-HSG, 2026 WL 1387413, at *2 (N.D. Cal. May 18, 2026) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)). Instead, "in overpayment theory cases, the majority of courts have consistently" required plaintiffs to allege that "the products contain an actual defect and are allegedly worth less than what the consumer paid" to demonstrate an economic injury. *Caudel v. Amazon.com, Inc.*, No. 20-CV-00848-KJM-KJN, 2021 WL 4819602, at *3 (E.D. Cal. Oct. 15, 2021) (citing *Maya*, 658 F.3d at 1070). Here, Plaintiffs have not shown that the e-books and audiobooks have "an actual defect" or are "worth less than what" Plaintiffs paid. The potential risk of Plaintiffs' e-books and audiobooks being removed is not a concrete or particularized injury as to Plaintiffs. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 437 (2021) (holding that the risk of future harm that is speculative is insufficient to support Article III standing).

Finally, Plaintiffs have likewise failed to allege facts to establish standing for their claims for injunctive relief. Plaintiffs have not adequately alleged that they have lost access to their products or been harmed by paying a price premium to date, let alone at a future date. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (a plaintiff seeking injunctive relief must show

United States District Court
Northern District of California

that they face "real or immediate threat . . . that [they] will again be wronged in a similar way."); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021) ("As this Court has recognized, a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial.").

Accordingly, the Court grants Defendant's motion to dismiss for lack of standing.

## IV. CONCLUSION

Defendant's motion is GRANTED. The Court previously granted Plaintiffs an opportunity to amend their complaint. Because Plaintiffs were unable to correct the deficiencies, Plaintiffs' claims are now dismissed without leave to amend. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: July 22, 2026

Noël Wise
United States District Judge